**Verne LYDE, Plaintiff,**

v.

**NEW YORK CITY, P.O. Morales, Shield # 11398, Fox 5 News and Fox Broadcasting Company, Defendants.**

No. 00 CIV. 1764(WCC).

United States District Court,
S.D. New York.

May 30, 2001.

---

Verne Lyde, Fishkill Correctional Facility, Fishkill, Plaintiff Pro Se.

Michael D. Hess, Corporation Counsel for the City of New York, Attorneys for Defendants New York City and P.O. Morales, New York, Stacy Laine Matthews, Asst. Corporation Counsel, Of Counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Plaintiff pro se Verne Lyde brings this action against defendants New York City ("NYC"),[1] Police Officer Morales, Fox 5 News and Fox Broadcasting Company pursuant to 42 U.S.C. § 1983. He alleges that in violation of his rights guaranteed under the Fourth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, he was: (1) forced to submit to a staged "perp walk;" (2) denied his right to counsel; and (3) denied his right to a prompt probable cause hearing.[2] Defendants NYC and Morales now move to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6) based upon the failure to state a claim.[3] For the reasons stated hereinafter, the motion is granted in part and denied in part.

## BACKGROUND

The relevant facts, as alleged in plaintiff's Amended Complaint, are as follows:

On April 10, 1997, at approximately 3:13 p.m., plaintiff was arrested without a warrant. At 6:49 p.m., a search warrant was signed. On April 11, 1997, at approximately 1:00 a.m. and after a confession had been coerced, plaintiff was instructed by defendant Morales to stand on the steps of the 49th Precinct and pull a jacket over his head while defendant Fox 5 News videotaped him. The videotape was aired that night. After the airing, plaintiff appeared before an alleged "non-partial" judge. (Am.Complt.¶ IV.) As a result of the staged "perp walk," plaintiff has suffered emotional distress and mental anguish. He was also placed in protective custody. (Id. ¶ IV–A.)

Plaintiff was also denied his right to counsel and was not arraigned for over 30 hours. (Id. ¶ IV.) He seeks damages in the amount of $10 million: $5 million against defendant NYC; $5 million against defendant Morales; and $1 million against defendants Fox 5 News and Fox Broadcasting Company. (Id. ¶ V.)

## DISCUSSION

### I. Applicable Standard

■■ On a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all of the well pleaded facts and consider those facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); Hertz Corp. v. City of New York, 1 F.3d

---

1. Plaintiff's Amended Complaint includes "New York City (N.Y.PD)" as a defendant. The New York City Police Department ("NYPD") is not a suable entity. See Lauro v. City of New York, 39 F.Supp.2d 351, 368 (S.D.N.Y.1999), aff'd in part and rev'd in part, 219 F.3d 202, 205 n. 2 (2d Cir.2000). Therefore, any claims asserted against the NYPD are dismissed with prejudice.

2. In response to the instant motion to dismiss, plaintiff conceded that all state law claims were time-barred. (Pl. Mem. Opp. Mot. Dismiss at 3.)

3. Defendants Fox 5 News and Fox Broadcasting Company have also moved to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6), (c) or in the alternative for summary judgment pursuant to FED. R. CIV. P. 56. At this time, the motion has not been fully submitted.

121, 125 (2d Cir.1993); *In re AES Corp. Sec. Litig.*, 825 F.Supp. 578, 583 (S.D.N.Y. 1993). On such a motion, the issue is "whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683. A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Padavan v. United States*, 82 F.3d 23, 26 (2d Cir.1996) (quoting *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). Generally, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed.1997); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir.1995). Allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains, are insufficient as a matter of law. *See Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir.1978).

## II. *Section 1983*

■ Section 1983 creates a cause of action against any person who, acting under the color of state law, abridges rights guaranteed by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The section does not create any new substantive rights. *See Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). It merely provides a remedy for the violation of federal constitutional or statutory rights. *See id.*

### A. *Perp Walks in Violation of the Fourth Amendment*

■ The Fourth Amendment prohibits "unreasonable searches and seizures."

U.S. Const. Amend. IV. Its protection does not end when an individual is taken into police custody. Instead, the protection afforded by the Amendment is implicated by "police conduct that unreasonably aggravates the intrusion on privacy properly occasioned by the initial seizure." *Lauro v. City of New York*, 219 F.3d 202, 212 (2d Cir.2000).

Plaintiff claims that defendant Morales subjected him to a staged perp walk. A perp walk occurs when an individual, after being arrested, is " 'walked' in front of the press so that he can be photographed or filmed." *Id.* at 203. On July 28, 2000, the Second Circuit, in *Lauro*, declared certain perp walks to be unconstitutional as violative of an arrestee's Fourth Amendment right to be free from unreasonable seizures. *See id.* at 206–13.

In that case, the plaintiff had been arrested and had remained in the precinct for several hours when the arresting detective received a telephone call from the Police Department's Office of the Deputy Commissioner of Public Information. *See Lauro*, 39 F.Supp.2d at 356. It was suggested that the plaintiff be taken on a perp walk for the benefit of the media. Pursuant to this request, the plaintiff was handcuffed, escorted out the front door and down the stairs into an unmarked car. The plaintiff was driven around the block and then escorted back into the precinct. During this procedure, the plaintiff was filmed by Fox 5 News. *See id.*

### 1. *Defendant Morales*

■ The threshold issue is whether defendant Morales is afforded immunity from the suit. The general rule is that " 'doctrine of qualified immunity shields public officials performing discretionary functions from civil liability insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Whitton v. Williams,* 90 F.Supp.2d 420, 429 (S.D.N.Y.2000) (Conner, J.) (quoting *Bradway v. Gonzales,* 26 F.3d 313, 317–18 (2d Cir.1994)); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "Even where the law is 'clearly established' and the scope of an official's permissible conduct is 'clearly defined,' the qualified immunity defense also protects an official if it was 'objectively reasonable' for him at the time of the challenged action to believe his acts were lawful." *Warren v. Dwyer,* 906 F.2d 70, 74 (2d Cir.1990) (quoting *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

■ In this case, it is obvious that defendant Morales is entitled to qualified immunity. On April 11, 1997, three years prior to the Second Circuit's decision in *Lauro,* it was objectively reasonable for her to believe that a perp walk was constitutional. Indeed, to date, the Second Circuit has never declared that all perp walks are unconstitutional. In *Lauro,* it specifically stated that:

> [W]e do not hold that all, or even most, perp walks are violations of the Fourth Amendment. Thus, we are not talking about cases in which there is a legitimate law enforcement justification for transporting a suspect. Accordingly, we do not address the case—seemingly much more common than the kind of staged perp walk that occurred here— where a suspect is photographed in the normal course of being moved from one place to another by the police. Nor do we reach the question of whether, in those circumstances, it would be proper for the police to notify the media ahead

of time that a suspect is to be transported.

219 F.3d at 213. *See also Caldarola v. County of Westchester,* 142 F.Supp.2d 431, 442 (S.D.N.Y. 2001) (holding that *Lauro* should be limited to its facts).[4]

Furthermore, in *Lauro,* the arresting detective was granted qualified immunity "because the unconstitutionality of the staged perp walk was, until today, not clearly established." *Id.* at 216. The Court of Appeals recognized that "[t]here have been no reported decisions of which we are aware establishing the proposition that staged perp walks violate the Fourth Amendment," *id.* at 215, and that the plaintiff's "Fourth Amendment challenge to the perp walk may seem, in some respects, to be a case of first impression." *Id.* at 209.

In this case, defendant Morales did not violate the clearly established rights of plaintiff. At the time of the alleged walk, there appears to be no case law that would provide any guidance to police officers concerning the lawfulness of the walk. Accordingly, defendant Morales is granted qualified immunity with respect to the staged perp walk claim.

#### 2. *Municipality*

■ Pursuant to § 1983, a municipality can be held liable for damages and either injunctive or declaratory relief. *See Monell v. Department of Soc. Servs. of the City of New York,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, liability is not predicated on the theory of *respondeat superior. See id.* at 691, 98 S.Ct. 2018. Instead, the plaintiff must show that the deprivation of his constitutional right, privilege or immunity was the result of a "policy statement, ordinance,

---

4. The Second Circuit also declined to consider whether perp walks are violative of the Due

Process Clause of the United States Constitution. *See Lauro,* 219 F.3d at 208 n. 5.

regulation, or decision officially adopted and promulgated by [the municipality's] officers" or by the municipality's custom or policy. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 497, 106 S.Ct. 1292, 89 L.Ed.2d 452 (quoting *Monell,* 436 U.S. at 690, 98 S.Ct. 2018). A municipal custom may be established by showing facts that circumstantially support such an inference. *See Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir.1993).

■ The statements alleged in plaintiff's complaint are sufficient to withstand a motion to dismiss. In *Lauro,* the Second Circuit recognized that perp walks are a "widespread police practice in New York City." *See* 219 F.3d at 203; *see also Lauro,* 39 F.Supp.2d at 367 & n. 14 (recognizing that perp walks have been routinely performed by members of the NYPD for many years). Therefore, it appears that prior to July 28, 2000, perp walks were a time-honored (or dishonored) custom of the NYPD. However, the fact that the policy was not declared unconstitutional until July 28, 2000 does not imply that the practice was constitutional until that date.

### B. *Denial of Right to Counsel and Failure to Receive Prompt Judicial Decision of Probable Cause*

In addition to the claims surrounding the staged perp walk, plaintiff also alleged that he was denied his constitutional rights to counsel and a prompt probable cause hearing. He claims that his probable cause hearing was unreasonably delayed in excess of 30 hours, during which time the NYPD gathered evidence to justify his arrest. In response to the instant motion to dismiss, plaintiff further alleged that "defendants ... then presented themselves as the arresting officer, which she was not, to circumvent the violation." (Pl. Mem. Opp. Mot. Dismiss at 3.)

■ It is well settled that a probable cause determination within 48 hours of the arrest may be unconstitutional if such determination was "delayed unreasonably." *County of Riverside v. McLaughlin,* 500 U.S. 44, 56, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). "Examples of unreasonable delays are delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake." *Id.* However, in this case, plaintiff's allegations that the NYPD used this time to gather additional evidence to justify the arrest are conclusory. Plaintiff failed to allege facts tending to establish that a search for additional evidence was conducted. Similarly, plaintiff's claims concerning his denial of the right to counsel are vague and are not supported by any factual allegations. Accordingly, these claims are dismissed without prejudice for failure to state a claim.

### CONCLUSION

For the above stated reasons, the motion to dismiss served on behalf of defendants NYC and Morales is granted in part and denied in part. It is denied with respect to the claim against defendant NYC for the violation of his constitutional rights by being subjected to a staged perp walk. However, as against defendant Morales the motion is granted for the reason that she is entitled to qualified immunity. Finally, the motion is granted with respect to the claims of denial of the right to counsel and failure to receive a prompt probable cause hearing and those claims are dismissed without prejudice. Plaintiff may file within 20 days a Second Amended Complaint supplying the deficiencies in the allegation of those claims.

SO ORDERED.